GOTHARD, Judge.
Plaintiff, Lintean Lemar, filed a motion to change venue to East Baton Rouge Parish pursuant to LSA-C.C.P. art. 74.2(D).[1] The court granted the motion and defendant, Leroy Lemar, appeals. We affirm.
Plaintiff alleged in her motion that, although this domestic matter was originally brought before the 40th Judicial District in St. John the Baptist Parish, she now lives in East Baton Rouge Parish. Plaintiff, who is the sole custodian of the minor child born of the marriage, asserted that attending court dates to settle matters of child support and visitation imposed a hardship on her since it necessitated missing work and losing pay.
Defendant, who is unemployed and receiving worker’s compensation, did not refute the fact that plaintiff is employed in and resides in Baton Rouge. He argues it is more convenient for him to attend court in his home parish of St. John the Baptist. He also argues that article 74.2(D) is inapplicable since this matter does not involve child custody and support.
The record belies defendant’s argument. This matter was originally filed on October 17, 1980. While the entire record of the proceedings in this domestic matter were not included in the record on appeal, it is apparent from the minute entries that the court proceedings now are concerned with child support and visitation. The most recent judgment is a consent judgment entered into between the parties in which defendant was found in contempt of previous court orders to pay child support, ar-rearages were established and matters involving visitation were resolved.
After reviewing this matter, we find no error in the trial court’s decision to transfer the matter to East Baton Rouge Parish to accommodate the plaintiff, who is the only party at risk of losing income by traveling to attend court sessions. The judgment below is affirmed at appellant’s cost.
AFFIRMED.

. For the convenience of the parties and the witnesses and in the interest of justice, a court, upon contradictory motion or upon its own motion after notice and hearing, may transfer the custody or support proceeding to another court where the proceeding might have been brought.